ALEXANDER B. TRUEBLOOD (Cal. Bar No. 150897)
TRUEBLOOD LAW FIRM
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Telephone: (310) 443-4139
Facsimile: (310) 943-2255

Attorneys for Plaintiffs
THE RHEAULT FAMILY REVOCABLE LIVING TRUST, JEROME RHEAULT, AND JAYLENE RHEAULT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE RHEAULT FAMILY REVOCABLE LIVING TRUST, JEROME RHEAULT, AND JAYLENE RHEAULT,<br><br>Plaintiffs,<br><br>vs.<br><br>HUNT & HENRIQUES, INC., and JAIME Y. RITTON,<br><br>Defendants. | Case No: 5:17-CV-7073<br><br>**COMPLAINT FOR:**<br><br>**(1) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**(2) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** |

Plaintiffs THE RHEAULT FAMILY REVOCABLE LIVING TRUST, JEROME RHEAULT, AND JAYLENE RHEAULT hereby complain against defendants Hunt & Henriques, Inc., and Jaime Y. Ritton, and allege as follows:

## OPERATIVE FACTS

1. FIA Card Services, Inc. sued Patricia Hale on an alleged credit card debt in the Riverside Superior Court, in the case styled <u>FIA Card Services, Inc. v. Hale</u>, Case No. RIC 534956 (the "Action"). Hale incurred the alleged credit card debt primarily for personal, family, or household purposes. FIA Card Services is represented in the Action by defendant Hunt & Henriques, a law firm which specializes in debt collection, and defendant Jaime Ritton, a lawyer at Hunt & Henriques.

2. Hunt & Henriques obtained a judgment in the Action against Hale. In October, 2017, under authority of a writ of execution, Hunt & Henriques levied approximately $14,881 on an account at US Bank, which belonged to and was in the name of plaintiff The Rheault Family Revocable Living Trust (the "Trust"). Patricia Hale, and plaintiffs Jerome and Jaylene Rheault are the trustees of the Trust. Hale is not a current beneficiary of the Trust, and is not entitled to any principal or income from the Trust, as a contingent beneficiary. Plaintiffs Jerome and Jaylene Rheaut are the settlors and current beneficiaries of the living Trust. They are Patricia Hale's parents. The Trust provides that that upon the death of Jerome and Jaylene Rheault, a pourover trust shall be created, of which Hale is a contingent beneficiary, along with her siblings. Jerome and Jaylene Rheault are alive and no contingency outlined in the trust has occurred which would give Patricia Hale legal rights to Trust assets.

3. The bank account which Hunt & Henriques levied upon was entirely exempt from judgment enforcement, by law. Code of Civil Procedure § 695.030(a) and Probate Code §§ 15301(a) and 15300 rendered the Trust assets exempt, because a spendthrift clause in the Trust provides that Hale's interest in the Trust is

1

non-assignable and not subject to enforcement of a money judgment.

4. Hale, as trustee for the Trust, filed a claim of exemption setting forth the Trust's statutory exemptions based on the spendthrift clause. Hale's supporting declaration stated that the US Bank account was a Trust asset in the Trust's name, and quoted the exact language of the Trust's spendthrift clause. The supporting declaration also explained that plaintiffs Jerome and Jaylene Rheault would suffer hardship if the $14,000 levy were confirmed, that the Trust bank accounts were their main asset for living expenses, that Jaylene Rheault is 85 years old, and has dementia, that Jaylene is under Patricia Hale's full-time care, and that Jerome Rheault is 87 years old, extremely frail, practically bedridden, has pulmonary fibrosis, and walks only short distances because of breathing difficulties. The supporting declaration also set forth that neither Jerome nor Jaylene are able to work, drive, or do their own shopping.

5. Upon receipt of the claim of exemption, and despite knowing that their levy was legally unsupportable, and that it would cause hardship to an elderly and sickly couple, defendants Ritton and Hunt & Henriques filed an opposition to the claim of exemption. The opposition falsely stated that there was no evidence of any spendthrift clause, and no evidence that the money levied was a trust asset.

6. In response to the opposition, plaintiffs served and filed the actual Trust instrument, including an exhibit to the Trust confirming that the bank account which defendants had levied was indisputably a Trust asset.

7. Defendants Hunt & Henriques and Ritton still did not withdraw their meritless opposition to the claim of exemption, but doubled down. Ritton appeared telephonically at the hearing on the claim of exemption, and made various bogus, unsupportable arguments. In particular, defendant Ritton falsely implied to the court that Patricia Hale was fraudulently transferring her own personal funds into the Trust to avoid enforcement of the judgment. This was untrue, and Ritton had no facts whatsoever to support this smear.

8. Defendants' arguments were given short shrift, and the Riverside Superior Court granted plaintiffs' claim of exemption in its entirety without hearing any oral argument from the Trust's counsel.

## JURISDICTION AND VENUE

9. The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d). The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in the Northern District of California because a substantial part of the events or omissions giving rise to the claim occurred in this district, and defendant Hunt & Henriques is headquartered in this district.

## PARTIES

11. Plaintiff Jerome Rheault is a natural person over the age of 18 years and is a resident of the state of California.

12. Plaintiff Jaylene Rheault is a natural person over the age of 18 years and is a resident of the state of California.

13. Plaintiff The Rheault Family Revocable Living Trust is a living trust which was created in 1986 in California.

14. Defendant Hunt & Henriques, Inc. is a California corporation headquartered in San Jose, California.

15. Defendant Jaime Y. Ritton is an individual who regularly does business in the Northern District of California.

16. Except as specifically noted herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment. The defendants are jointly and severally liable to plaintiff.

## FIRST CAUSE OF ACTION
**(Against All Defendants for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)**.

17. Plaintiff realleges and incorporates herein by reference the allegations

3

of all paragraphs above.

18. Patricia Hale is a "consumer" who allegedly owed a "debt," and defendants are "debt collectors," as those terms are defined at 15 U.S.C. § 1692a. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

19. Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

20. Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt.

21. Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

22. Plaintiffs are entitled to any actual damages sustained by them as a result of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

23. Plaintiffs are entitled to $1,000 in statutory damages each, against each defendant, pursuant to 15 U.S.C. § 1692k.  Defendants committed their violations willfully and knowingly, and have frequently and persistently failed to comply with the FDCPA.  The nature of defendants' violations justifies the maximum statutory damages award available.

24. Plaintiffs are entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

25. Plaintiffs are entitled to trebling of any statutory penalties or damages pursuant to Civil Code § 3345.

WHEREFORE, plaintiffs pray for relief as set forth below.

4

**SECOND CAUSE OF ACTION**
**(Against Defendant Hunt & Henriques for Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788 et seq.)**

26. Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

27. The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). It thus enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. (the "Rosenthal Act"), to ensure the integrity of our banking and credit industry. Id. § 1788.1(b).

28. Patricia Hale is a "debtor" within the meaning of Civil Code § 1788.2(h) in that she is a natural person from whom defendants sought to collect a "consumer debt" alleged to be due and owing by reason of a consumer credit transaction. Defendant Hunt & Henriques was at all times relevant herein a "debt collector" within the meaning of Civil Code § 1788.2(c), in that it regularly and in the ordinary course of business, on behalf of itself or others, engages in acts and practices in connection with the collection of money or property which is due or alleged be due or owing by reason of a consumer credit transaction.

29. As set forth above, defendant Hunt & Henriques violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692d, 1692e, and 1692f.

30. As a proximate result of defendant's violations of the Rosenthal Act, plaintiffs have been damaged in amounts which are subject to proof. Plaintiffs are entitled to recover their actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

31. Defendant's violations of the Rosenthal Act were willful and knowing. Plaintiffs are entitled to recover statutory damages of $1,000 per defendant pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. §

1692k(a)(2)(A).

32. Plaintiffs are entitled to recover their attorneys fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

33. Plaintiffs are entitled to trebling of any statutory penalties or damages pursuant to Civil Code § 3345.

WHEREFORE, plaintiffs pray for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for the following relief:

1. For actual damages,
2. For statutory penalties;
3. For trebling of statutory penalties or damages under Civil Code § 3345;
4. For pre-judgment interest to the extent permitted by law;
5. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
6. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury under the federal and California constitutions.

Dated:  December 11, 2017                Respectfully Submitted,

TRUEBLOOD LAW FIRM


By:  _____/s/_____
      Alexander B. Trueblood

Attorneys for Plaintiffs
THE RHEAULT FAMILY
REVOCABLE LIVING TRUST,
JEROME RHEAULT, AND
JAYLENE RHEAULT