Kurtiss A. Jacobs #218950
Donald Sherrill #266038
HUNT & HENRIQUES
151 Bernal Road #8
San Jose, CA 95119-1306
Telephone (408) 414-0369
Facsimile (408) 360-8482

Attorneys for Hunt & Henriques, Inc.
File no. 308142

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| The Rheault Family Revocable Living Trust, Jerome Rheault, and Jaylene Rheault,<br><br>  Plaintiffs,<br><br>vs.<br><br>Hunt & Henriques, Inc., and Jaime Y. Ritton,<br><br>  Defendants. | Case no. 5:17-CV-7073<br><br>**Hunt & Henriques, Inc.'s Notice Of Motion And Special Motion To Strike Second Cause Of Action Arising Under The Rosenthal Fair Debt Collection Practices Act [California Civil Code Sections 1788 Et Seq.]**<br><br>**(Cal. Code of Civ. Proc. § 425.16)**<br><br>Date: March 1, 2018<br>Time: 1:30 PM<br>Courtroom.: 8<br>Judge: Hon. Lucy H. Koh<br><br>Complaint filed: December 13, 2017<br>Trial date: Not set |

To plaintiff, The Rheault Family Revocable Living Trust, Jerome Rheault, and Jaylene Rheault, and their attorney of record:

PLEASE TAKE NOTICE that on March 1, 2018 at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 8 of the above-entitled court located at 280 South 1st Street, San Jose, CA 95113, Hunt & Henriques, Inc., will and hereby does specially move to strike the complaint under Code of Civil Procedure § 425.16. The motion is brought on the grounds that the complaint arises from Hunt & Henriques, Inc.'s protected speech and petitioning activity; that The Rheault Family Revocable Living Trust, Jerome Rheault, and Jaylene Rheault have not pleaded

facts sufficient to state a valid cause of action; and that The Rheault Family Revocable Living Trust, Jerome Rheault, and Jaylene Rheault cannot present admissible evidence sufficient to show a probability of success on the merits.

The motion will be based on this notice and the accompanying memorandum, declaration, and exhibits; any matters of which the court may take judicial notice; the pleadings and other documents on file herein; and on other physical and testimonial evidence and oral argument as may be presented before and at the hearing.

Respectfully submitted,

/s/

Dated: **JAN 1 9 2018**

Donald Sherrill / Kurtiss A. Jacobs
Attorneys for Hunt & Henriques, Inc.

## TABLE OF CONTENTS

**Page No.**

Table of Contents ............................................................................... .i, ii

Table of Authorities ................................................................................. iii

    Federal cases ..................................................................................... iii

    State cases ................................................................................. iii, iv, v

    Federal statutes.....................................................................................v

    State statutes............................................................................... v, vi

Introduction..........................................................................................1

Background Information ...........................................................................2

The anti-SLAPP statute – Code of Civil Procedure § 425.16...........................5

The two-prong process for deciding the special motion to strike .......................5

(1) A cause of action falls within the anti-SLAPP statute's protection if it complains of "any written or oral statement or writing made before a legislative, executive, or judicial proceeding." The Rheaults complain that Hunt & Henriques levied a judgment debtor's bank account, filed an opposition to the claim of exemption, and made oral arguments at the hearing. Does the cross-complaint fall within the anti-SLAPP statute's protection?........................................................6

(2) It is the SLAPP complainant's burden to show an adequately pled cause of action and to present admissible evidence sufficient to support every element of his prima facie case. The complaint includes insufficiently pled causes of action; the Rheaults lack standing; the Rheaults have no admissible evidence to support their claims; and the litigation privilege precludes the complaint. Can the Rheaults meet their burden to show a probability of success? ........................................10

Second cause of action for violation of the RFDCPA fails .............................10

The litigation privilege...........................................................................11

Noerr-Pennington Doctrine......................................................................14

The Rheaults should not be permitted to amend the complaint........................14

The motion is timely ................................................................................................15

Summary and conclusion .........................................................................................16

## TABLE OF AUTHORITIES

**Fed. Cases**                                                                                      **Page**

*Albrecht v. Lund* (9th Cir. 1988) 845 F.2d 193, modified, 856 F.2d 111 ...........................15

*BE&K Construction Co. v. NLRB* (2002) 536 U.S. 516 ....................................................14

*Eastern R. Conf. v. Noerr Motors* (1961) 365 U.S. 127 ...................................................14

*Edwards v. South Carolina* (1963) 372 U.S. 229 ..............................................................14

*Mine Workers v. Pennington* (1965) 381 U.S. 657 ...........................................................14

*Professional Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*

      (1993) 508 U.S. 49.................................................................................................14

*Sarver v. Chartier* (9th Cir. 2016) 813 F.3d 891 ..............................................................15

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.* (9th Cir. Cal.

      1999) 190 F.3d 963 ...............................................................................................5

*White v. Lee* (9th Cir. Cal. 2000) 227 F.3d 1214 ..............................................................14

**State Cases**                                                                                     **Page**

*Albertson v. Raboff* (1956) 46 Cal.2d 375 ........................................................................12

*Blanchard v. DIRECTV, Inc.* (2004) 123 Cal.App.4th 903 ..........................................7, 12

*Boon v. Professional Collection Consultants* (2013) 978 F.Supp.2d 1157 .....................13

*Braun v. Chronicle Publ'g Co.* (1997) 52 Cal. App. 4th 1036 ..........................................7

*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1115 ...............8

*Brown v. Kennard* (2001) 94 Cal.App.4th 40......................................................................6, 13

*Digerati Holdings, LLC v. Young Money Entertainment, LLC*

      (2011) 194 Cal.App.4th 873 ................................................................................6

## <u>TABLE OF AUTHORITIES, CONTINUED</u>

**<u>State Cases, cont'd</u>**                                                                 <u>Page</u>

*DuPont Merck Pharmaceutical Co. v. Superior Court*

    (2000) 78 Cal.App.4th 562 .................................................................7, 10

*Equilon Enterprises v. Consumer Cause Inc.* (2002) 29 Cal. 4th 53 ..............................5, 7

*Flatley v. Mauro* (2006) 39 Cal.4th 299, 316 ....................................................8

*Haight Ashbury Free Clinics, Inc. v. Happening House Ventures* (2010) 184

    Cal.App.4th 1539, 1551 ..............................................................9

*Hutton v. Hafif* (2007) 150 Cal. App. 4th 527 ....................................................6

*In re Episcopal Church Cases* (2009) 45 Cal.4th 467 ........................................5

*Jacob B. v. County of Shasta* (2007) 40 Cal.4th 948 .........................................12

*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal. 4th 728 ...............................7

*Jones v. Catholic Healthcare West* (2007) 147 Cal.App.4th 300 ........................7

*Kajima Engineering and Const., Inc. v. City of Los Angeles* (2002) 95

    Cal.App.4th 921, 935 (reh. den. Feb. 28, 2002; rev. den. May 15, 2002) ..............5

*Kashian v. Harriman* (2002) 98 Cal.App.4th 892 ...........................................11

*Komarova v. National Credit Acceptance* (2009) 175 Cal.App.4th 324 .........................13

*Ludwig v. Superior Court* (1995) 37 Cal.App.4th 8 ........................................8

*Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.*

    (2006) 136 Cal.App.4th 464 ..........................................................12

*Rubin v. Green* (1993) 4 Cal.4th 1187 ..........................................................12, 14

*Rusheen v. Cohen* (2006) 37 Cal.4th 1048 (2006) ..........................................6, 8

*Salma v. Capon* (2008) 161 Cal.App.4th 1275 ................................................9

## TABLE OF AUTHORITIES, CONTINUED

**State Cases, cont'd**                                                          **Page**

*Schaffer v. City and County of San Francisco*

    (2008) 168 Cal. App. 4th 992 ...................................................................5, 7, 8

*Seelig v. Infinity Broadcasting Corp.* (2002) 97 Cal.App.4th 798 ....................................7

*Silberg v. Anderson* (1990) 50 Cal.3d 205 ..............................................................12, 13

*Simmons v. Allstate Ins. Co.* (2004) 92 Cal.App.4th 1068 .......................................8, 12

*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal. 4th 260...........................................5

*Simmons v. Allstate Ins. Co.* (2001) 92 Cal.App.4th 1068 ...................................................9

*Staffpro, Inc. v. Elite Show Services, Inc.*

    (2006) 136 Cal.App.4th 1392 ........................................................................12

*Taus v. Loftus* (2007) 40 Cal.4th 683...................................................................................6

*Trope v. Katz* (1995) 11 Cal. 4th 274...................................................................................13

*Tuchscher Development Enterprises, Inc. v. San Diego Unified Port Dist.*

    (2003) 106 Cal.App.4th 1219 ........................................................................10

*Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811 .............................................6

*Yu v. Signet Bank/Virginia* (1999) 103 Cal.App.4th 298, 316............................................6

**Federal Statutes**                                                               **Page**

United States Constitution, First Amendment ...........................1, 3, 4, 11, 12, 14, 15, 16

15 U.S.C. § 1692 *et. seq.* (Fair Debt Collection Practices Act).............................4, 11, 15

**State Statutes**                                                                 **Page**

Civil Code § 1788 *et. seq.* (Rosenthal Fair Debt Collection

    Practices Act)..........................................................................2, 4, 10, 11, 13, 15

## TABLE OF AUTHORITIES, CONTINUED

**State Statutes, cont'd**                                                                                    **Page**

Code of Civil Procedure § 425.16.................................................2, 5, 6, 7, 8, 9, 10, 15, 16

Code of Civil Procedure § 699.710.............................................................................3

Code of Civil Procedure § 703.080(a) ........................................................................4

Code of Civil Procedure § 704.010.............................................................................3

1 | Kurtiss A. Jacobs, LL.M. # 218950
Donald Sherrill, Esq. # 266038
2 | HUNT & HENRIQUES
151 Bernal Road #8
3 | San Jose CA 95119-1306
Telephone: (408) 362-2270
4 | Facsimile: (408) 360-8482

5 | Attorneys for Hunt & Henriques, Inc.
File No. 308142

6

7

8 | **UNITED STATES DISTRICT COURT**

9 | **NORTHERN DISTRICT OF CALIFORNIA**

10

11 | The Rheault Family Revocable Living Trust,    Case No. 5:17-CV-7073
Jerome Rheault, and Jaylene Rheault,
12 |                                              **Hunt & Henriques, Inc.'s Memorandum In**
                   Plaintiffs,                   **Support Of Special Motion To Strike Second**
13 |                                              **Cause Of Action Arising Under The**
           vs.                                   **Rosenthal Fair Debt Collection Practices Act**
14 |                                              **[California Civil Code sections 1788 et seq.]**

15 | Hunt & Henriques, Inc., and                  **(Cal. Code of Civ. Proc. § 425.16)**
Jaime Y. Ritton,
16 |                                              Date:        March 1, 2018
                   Defendants.                   Time:        1:30 PM
17 |                                              Courtroom.:  8
                                                 Judge:       Hon. Lucy H. Koh
18

19

20 | **Introduction**

21 |      The Rheault Family Revocable Living Trust, Jerome Rheault, and Jaylene Rheault (the

22 | Rheaults) sued Hunt & Henriques, Inc. (HHI) and Jaime Y. Ritton (Ritton) for alleged violations of

23 | the Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act.

24 |      **The court need address only two questions: (1) Do the Rheaults complain that HHI**

25 | **and Ritton petitioned the government? (2) Do the Rheaults have sufficient admissible**

26 | **evidence to show a probability of success on the merits?**

27 |      As a preliminary matter, HHI has been wrongly sued. HHI is a newly formed California

28

Page 1

HHI Memorandum in Support of Special Motion to Strike Complaint (CCP § 425.16)

corporation; however, it has no employees and has never conducted business of any kind.[1] Therefore, HHI could not have committed any of the alleged violations. Ritton is an Associate Attorney at Hunt & Henriques (H&H), attorneys at law, which is a separate entity.[2] Even if these claims were viable, the Rheaults could not prevail here because they did not sue Hunt & Henriques; they sued HHI. Legally, these entities are different persons every bit as much as are Jerome Rheault and his attorney.[3]

Because the bank levy constituted petitioning the executive branch, the Rheaults' state claim for violation of California's Rosenthal Fair Debt Collection Practices Act (Civil Code § 1788 et seq.) falls within California's anti-SLAPP statute (Code of Civil Procedure § 425.16). Because the Renaults cannot show a probability of success on the merits, the RFDCPA claim must be stricken. The court should deny leave to amend because there is no possibility that the Rheaults could salvage the claim against HHI; not having any employees and not having conducted any business, HHI could not possibly have violated the RFDCPA and the Rheaults will never have any admissible evidence that it did so. And because the only facts complained of are absolutely privileged under Civil Code § 47(b), the Rheaults cannot even state a valid state law cause of action against *any* party; indeed, the First Amendment immunizes the communications that the Rheaults complain against statutory tort liability.

The anti-SLAPP motion should be granted without leave to amend, and the Rheaults should dismiss their federal claim without forcing HHI to incur the expense of bringing a second dispositive motion.

**Background Information**

On March 1, 2010, Hunt and Henriques (H&H), attorneys at law, filed a Rule 3.740 debt collection action in Riverside County in the matter of *FIA Card Services, N.A. v. Patti L. Hale*, case no. RIC534956. The subject of that lawsuit was an unpaid credit card debt that charged off with a balance of $ 14,399.76. Patti L. Hale is the daughter of Plaintiffs Jerome and Jaylene Rheault and a

---

1 *See* Declaration of Michael Hunt (Hunt Declaration), ¶ 5.
2 *See* Declaration of Donald Sherrill (Sherrill Declaration), ¶ 6.
3 *See* Hunt Declaration, ¶ 6.

co-trustee of the Rheault Family Revocable Living Trust.[4] *Ms. Hale is not a party to the present action.* On December 27, 2009, Ms. Hale was served with the summons and complaint for the collections action (Case no. RIC534956). She failed to respond to the complaint; her default was taken; and default judgment was entered on March 1, 2010.[5]

Over the next 7 years, H&H—*not* HHI—made multiple attempts to collect on this judgment, including attempted bank levies and attempted wage garnishment. However, all attempts were unsuccessful until recently. During the last 7 years all notices, letters, and settlement offers[6] regarding the judgment were mailed to Ms. Hale at 11473 Arizona Ave., Riverside, CA 92503.[7] The May 14, 2017 Amendment to the Rheault Family Revocable Living Trust confirms that this is Ms. Hale's correct address.[8] Ms. Hale never moved to set aside the judgment; she never filed a separate suit in equity to vacate the judgment; and she never voluntarily paid one cent toward the outstanding balance.[9]

In September 2017, Hunt & Henriques located and confirmed a U.S. Bank account associated with the judgment debtor, Patti L. Hale. On September 15, 2017, the Riverside County Sheriff served a levy on that account number ending in 0209 because it was determined that Ms. Hale's Social Security number is associated with that account.[10]  On October 4, 2017, Ms. Hale filed a claim of exemption and stated that all funds in the account were exempt. She alleged that the account was solely Social Security funds deposited into a Trust Account and that the trust contains a spendthrift clause making it exempt as to Ms. Hale.[11]  Ms. Hale did not initially provide a copy of the trust instrument with her claim of exemption and she did not provide any documents to show any tracing of funds in the account.[12]  Because bank accounts are not exempt[13] except to the extent that they are

---

4 *See* complaint, pg 1, ¶ 2.
5 *See* Sherrill Declaration, ¶ 11.
6 *See* Sherrill Declaration, ¶ 12a-e and attached exhibits including attempted levies, wage garnishments, and letters mailed to Ms. Hale to her confirmed address.
7 *See* Sherrill Declaration, ¶ 13.
8 *See* Sherrill Declaration, ¶ 14; and attached exhibit "F".
9 *See* Sherrill Declaration, ¶ 15.
10 *See* Declaration of Jaime Ritton (Ritton Declaration), ¶ 6.
11 *See* Ritton Declaration, ¶¶ 8-9.
12 *See* Ritton Declaration, ¶ 9a-d.

HHI Memorandum in Support of Special Motion to Strike Complaint (CCP § 425.16)

traced to exempt sources,[14] this alone fully justified a thorough opposition.

Attorney Ritton filed an opposition to the claim of exemption and appeared telephonically at the hearing on November 29, 2017, to argue on behalf of H&H's client, FIA Card Services, N.A.[15] After the hearing, the claim of exemption was granted and the funds were released back to into the U.S. Bank account.[16] The arguments presented in her opposition and at the oral hearing are outlined in detail in the Declaration of Jaime Ritton. Those arguments were legally sound and made in good faith. H&H's client had a constitutional right to have those arguments presented to the court—i.e., to petition the government—and therefore, H&H had a legal and ethical duty to make those arguments.[17]

About two weeks after the claim of exemption hearing, on December 13, 2017, the Rheaults filed the instant Federal complaint alleging causes of action for violations of the Federal Fair Debt Collection Practices Act[18] and the state Rosenthal Fair Debt Collection Practices Act.[19] HHI and Ritton were served on December 26, 2017.

The Rheaults complain that HHI and Ritton petitioned the government for redress of a grievance: (1) that HHI levied a judgment debtor's bank account;[20] (2) that Ritton filed an opposition to the judgment debtor's claim of exemption;[21] and (3) that Ritton appeared at the claim of exemption hearing and argued her client's position.[22]

The Rheaults do not allege that the levied account was not associated with the judgment debtor, Patti L. Hale. In fact, they admit that Hale is a co-trustee of the account.[23] Their only complaints are that the bank account was levied and that defendants had the audacity to argue their client's position in pleadings and oral argument.

---

13 *See* Code of Civil Procedure §§ 699.710, 704.010.
14 *See* Code of Civil Procedure § 703.080(a).
15 *See* Ritton Declaration, ¶ 10-15.
16 *See* Ritton Declaration, ¶ 16.
17 *See* United States Constitution, First Amendment; Rule of Professional Conduct 3-110(B)
18 (FDCPA), 15 U.S.C. 1692 et seq.; complaint first cause of action, 3:26-4:28.
19 (RFDCPA), Civil Code § 1788 et seq.; complaint second cause of action, 5:1-6:7.
20 *See* complaint, ¶ 16.
21 *See* complaint, ¶ 5.
22 *See* complaint, ¶ 16.

Page 4

When a litigant complains that an opponent has exercised constitutional rights, California provides this early remedy.

**The anti-SLAPP statute – Code of Civil Procedure § 425.16**

The California legislature enacted the anti-SLAPP[24] statute to address the "disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances."[25] The statute allows early evaluation of a lawsuit's merits using a summary-judgment-like procedure.[26]

It is codified in California's Code of Civil Procedure, but **§ 425.16 is a substantive right** available in federal court against meritless state law causes of action that target constitutional rights.[27]

Meritorious cases are not stricken under § 425.16 because if there is a chance of success on the merits, the special motion to strike is denied.[28]

The special motion to strike may be directed to all, some, or even just one of many causes of action. For example, California's Second Appellate District affirmed a trial court order granting a special motion to strike one of twelve causes of action.[29]

**Section 425.16 requires a two-prong process for deciding the special motion to strike.[30]**

First, the court determines whether the SLAPP defendant has made a threshold showing that the challenged cause of action arises from activity protected by § 425.16(e).[31] If so, then the court

---

23 *See* complaint, ¶ 2.
24 SLAPP is an acronym for "strategic lawsuit against public participation." *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 57.
25 Code of Civil Procedure § 425.16(a).
26 *Soukup v. Law Offices of Herberg Hafif* (2006) 39 Cal.4th 260, 278.
27 *See United States ex rel. Newsham v. Lockheed Missiles & Space Co.* (9th Cir. Cal. 1999) 190 F.3d 963, 973 ("twin purposes of the Erie rule—'discouragement of forum-shopping and avoidance of inequitable administration of the law'—favor application of California's Anti-SLAPP statute in federal cases").
28 *Schaffer v. City and County of San Francisco* (2008) 168 Cal.App.4th 992, 1004.
29 *Kajima Engineering and Const., Inc. v. City of Los Angeles* (2002) 95 Cal.App.4th 921, 935 (reh. den. Feb. 28, 2002; rev. den. May 15, 2002).
30 *In re Episcopal Church Cases* (2009) 45 Cal.4th 467, 477.
31 *In re Episcopal Church Cases* (2009) 45 Cal.4th 467, 477.

1  must determine whether the Plaintiff has demonstrated a probability of prevailing on the claim.[32]

2  The second prong itself involves two steps: the Plaintiff "must demonstrate that the

3  complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to

4  sustain a favorable judgment if the evidence submitted by the plaintiff is credited."[33] The court must

5  "consider the pleadings, and supporting and opposing affidavits stating the facts upon which the

6  liability or defense is based."[34] The court does not weigh credibility or strength of competing

7  evidence: *if* complainant's evidence *could* sustain a favorable verdict, then the special motion is

8  denied—but the special motion is granted if the SLAPP defendant's evidence defeats the claim as a

9  matter of law[35] or if the claim is barred by the litigation privilege[36].

10  HHI now shows that § 425.16(e) applies:

11  **(1) A cause of action falls within the anti-SLAPP statute's protection if it complains of "any
    written or oral statement or writing made before a legislative, executive, or judicial
12  proceeding." The Rheaults complain that Hunt & Henriques levied a judgment debtor's
    bank account, filed an opposition to the claim of exemption, and made oral arguments at
13  the hearing. Does the cross-complaint fall within the anti-SLAPP statute's protection?**

14  The fact that the Rheaults' attorney did not agree with arguments raised by Ritton in

15  opposition to the claim of exemption is irrelevant. Obtaining a writ of execution to levy on a bank

16  account is a judicial proceeding[37] and opposition arguments to a claim of exemption are judicial

17  proceedings in furtherance of a collection action, which *per se* **"satisfies the 'arising from'**

18  **standard" of § 425.16.**[38] Thus, any action "in furtherance of" (*see* § 425.16(b)(1)) the collections

19  action—such as postjudgment liens and levies,[39] or prelitigation demand letters or other

20  communications,[40] falls within § 425.16(e)(2). The court could skip to section (2) from here. But to

21  ───────────────────

22  32 *In re Episcopal Church Cases* (2009) 45 Cal.4th 467, 477.
    33 *Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 821. (Superseded on other
23  grounds by §§ 425.16(b)(3), 425.18; see *Hutton v. Hafif* (2007) 150 Cal.App.4th 527, 537).
    34 Code of Civil Procedure § 425.16(b)(2).
24  35 *Taus v. Loftus* (2007) 40 Cal.4th 683, 714.
    36 *See Digerati Holdings, LLC v. Young Money Entertainment, LLC* (2011) 194 Cal.App.4th
25  873, 888 (under anti-SLAPP statute, a plaintiff cannot establish a probability of prevailing if the
    litigation privilege bars defendant's liability on the claim.)
26  37 *Brown v. Kennard* (2001) 94 Cal.App.4th 40.
27  38 *Yu v. Signet Bank/Virginia* (1999) 103 Cal.App.4th 298, 316.
    39 *Rusheen v. Cohen* (2006) 37 Cal.4th 1048.
28  40 *Blanchard v. DIRECTV, Inc.* (2004) 123 Cal.App.4th 903.

protect the record, HHI elaborates:

The only substantive language in subsection (a) is the mandate that "this section shall be construed broadly." "Shall" is mandatory.[41] The *purpose* declared in subsection (a) is not substantive and provides no basis for finding that the statute does not apply:

Section 425.16(e) is unambiguous on its face[42] and a moving defendant need not establish anything more than required by § 425.16(e).[43] That requirement is only a prima facie burden to show that the conduct complained of falls within one of the four categories described in § 425.16(e).[44] Upon this showing, it is error for a court to impose additional qualifications: In *one case*, the California Supreme Court disapproved six cases in three appellate districts that had incorporated an "intent to chill" or "actual chilling" requirement from subsection (a)'s purpose language into subsection (e)'s definition.[45] So a SLAPP defendant need not prove that the Plaintiff intended to chill the exercise of constitutional rights or that the action actually has a chilling effect.[46]

And every private party is subject to the statute's benefits and burdens; thus, huge corporations are protected against SLAPPs filed by individuals. For example, "citizens" protected by § 425.16(e) have included the San Francisco Chronicle,[47] DirecTV,[48] and the City and County of San Francisco.[49] *Schaffer* held that the statute protects "private citizens, the public, and governmental speakers"[50] and noted that the statute does not immunize defendants from misconduct, but merely attempts to insulate them from having to litigate plainly unmeritorious lawsuits.[51] The statute protects "all segments of our society"—even Infinity Broadcasting Corporation[52] and DuPont Merck

---

41 *See, e.g., Jones v. Catholic Healthcare West* (2007) 147 Cal.App.4th 300 (citations omitted), stating at p. 307, "Courts routinely construe the word 'may' as permissive and words like 'shall' or 'must' as mandatory."
42 *Braun v. Chronicle Publ'g Co.* (1997) 52 Cal.App.4th 1036, 1046.
43 *Schaffer v. City and County of San Francisco* (2008) 168 Cal.App.4th 992, 1004.
44 *Equilon Enterprises v. Consumer Cause Inc.* (2002) 29 Cal.4th 53, 59.
45 *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 68 fn5.
46 *Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 741.
47 *Braun v. Chronicle Publ'g Co.* (1997) 52 Cal.App.4th 1036, 1046.
48 *Blanchard v. DIRECTV, Inc.* (2004) 123 Cal.App.4th 903, 919.
49 *Schaffer v. City and County of San Francisco* (2008) 168 Cal.App.4th 992.
50 *Schaffer v. City and County of San Francisco* (2008) 168 Cal.App.4th 992, 1003.
51 *Schaffer v. City and County of San Francisco* (2008) 168 Cal.App.4th 992, 1004.
52 *See Seelig v. Infinity Broadcasting Corp.* (2002) 97 Cal.App.4th 798, 808.

HHI Memorandum in Support of Special Motion to Strike Complaint (CCP § 425.16)

Pharmaceuticals.[53]

Subsection 425.16(e)'s definition of "act in furtherance of a person's right of petition or free speech" includes communicative conduct such as the filing, funding, and prosecution of a civil action.[54] This includes qualifying acts committed by attorneys representing clients in litigation.[55] Likewise, "communications preparatory to or in anticipation of the bringing of an action" are "entitled to the benefits of section 425.16."[56] Although HHI did not take any of the actions that plaintiffs complain of—an entirely separate person, H&H, opposed the claim of exemption—that is irrelevant under first-prong analysis; it matters only that plaintiffs *allege* that HHI took those actions.[57]

All causes of action, even those based on statutory or constitutional rights, are subject to procedural tests such as demurrers, motions to strike, judgments on the pleadings, and anti-SLAPP motions. Merely alleging that constitutionally protected activity violated some statute does not preclude a special motion to strike. Only in the

> narrow circumstance, where either the defendant concedes the illegality of its conduct or the illegality is conclusively shown by the evidence, the motion must be denied….If, however, a factual dispute exists about the legitimacy of the defendant's conduct, it cannot be resolved within the first step but must be raised by the plaintiff in connection with the plaintiff's burden to show a probability of prevailing on the merits.[58]

No matter how bad the alleged conduct may sound, California's Legislature intended that *all* conduct fall within § 425.16(e), so long as it be an exercise of constitutional rights. When "there is merit to the plaintiff's cause of action, the plaintiff can avoid dismissal simply by establishing a probability of prevailing."[59]

The Rheaults may retort, "but what about the allegations that HHI is not attacking?"

---

53 *DuPont Merck Pharmaceutical Co. v. Superior Court* (2000) 78 Cal.App.4th 562. The statute still protects DuPont, although the activity protected in *DuPont* now falls within the commercial speech exception of § 425.17(c).
54 *Ludwig v. Superior Court* (1995) 37 Cal.App.4th 8, 17–19.
55 *Rusheen v. Cohen* (2006) 37 Cal. 4th 1048, 1056.
56 *Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1115.
57 Code of Civil Procedure § 425.16(b).
58 *Flatley v. Mauro* (2006) 39 Cal.4th 299, 316.
59 *Schaffer v. City and County of San Francisco* (2008) 168 Cal.App.4th 992, 1004.

The factual answer to this question is that the allegations at ¶¶ 1-8 complain of nothing but litigation, litigation-related communications/activities, and execution. The legal answer is that even if The Rheaults *had* complained of acts that did not fall within § 425.16, a complainant with nonprotected claims cannot add allegations that infringe on constitutional rights. If a cause of action includes *any* allegations falling within anti-SLAPP protection, then the entire cause of action is subject to anti-SLAPP analysis.[60] For example, the First Appellate District reversed denial of an anti-SLAPP motion and held that when only "two of several [i.e., 16] acts allegedly constituting the breach of fiduciary duty cause of action" were protected, the "cause of action [based on the 16 allegations] should be stricken in its entirety."[61] This was true "even though the [protected] activity constitutes a quantitatively small proportion of the total activity on which HAFCI's third and fourth causes of action are based."[62]

In short, "A plaintiff cannot frustrate the purposes of the anti-SLAPP statute through a pleading tactic of combining allegations of protected and nonprotected activity under the label of one cause of action."[63] If this were permitted, then a litigant whose only gripe concerned protected activity could evade anti-SLAPP analysis by throwing in bogus allegations of nonprotected activity. The sham allegations would fail at trial, but as stated in another context:

> the SLAPP plaintiff will have succeeded in his goal of delay and distraction and running up the costs of his opponent. Such a plaintiff would accomplish indirectly what could not be accomplished directly, i.e., depleting the defendant's energy and draining his or her resources. This would totally frustrate the Legislature's objective of providing a quick and inexpensive method of unmasking and dismissing such suits.[64]

All the facts complained of in ¶¶ 1-8 fall within § 425.16(e).

To defeat this motion, then, The Rheaults must prove *with admissible evidence* that they

60 *Haight Ashbury Free Clinics, Inc. v. Happening House Ventures* (2010) 184 Cal.App.4th 1539, 1551.
61 *Haight Ashbury Free Clinics, Inc. v. Happening House Ventures* (2010) 184 Cal.App.4th 1539, 1559.
62 *Haight Ashbury Free Clinics, Inc. v. Happening House Ventures* (2010) 184 Cal.App.4th 1539, 1550.
63 *Salma v. Capon* (2008) 161 Cal.App.4th 1275, 1287-1288 (citations and quotation marks omitted).
64 *Simmons v. Allstate Ins. Co.* (2004) 92 Cal.App.4th 1068, 1074.

could prevail at trial. This is the Rheaults' burden; HHI could stop here, wait for the opposition, and file its reply. But since the Rheaults' burden is impossible to meet, HHI makes this showing in advance.

**(2) It is the Plaintiff's burden to show an adequately pleaded cause of action and to present admissible evidence sufficient to support every element of a prima facie case. The complaint includes insufficiently pleaded causes of action; the Rheaults lack standing; the Rheaults have no admissible evidence to support their claims; and the litigation privilege precludes the complaint. Can the Rheaults meet their burden to show a probability of success?**

It is necessary but not sufficient for the Plaintiff to show that a valid cause of action has been *pleaded*; a Plaintiff must also establish evidentiary proof of a prima facie showing of facts establishing a probability of prevailing. As one court put it:

> In overruling the demurrer, the trial court determined plaintiffs had stated a legally sufficient claim, an issue we are not here reviewing. However, in order to satisfy its burden under the second prong of the anti-SLAPP statute, it is not sufficient that plaintiffs' complaint survive a demurrer. Plaintiffs must also substantiate the legal sufficiency of their claim. It would defeat the obvious purposes of the anti-SLAPP statute if mere allegations in an unverified complaint would be sufficient to avoid an order to strike the complaint. Substantiation requires something more than that. Once the court determines the first prong of the statute has been met, a plaintiff must provide the court with sufficient evidence to permit the court to determine whether "there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).)[65]

Since the motion is only denied if the Plaintiff demonstrates a probability of success *at trial* and the verdict at trial will be based on *admissible* evidence, the evidence used to defeat an anti-SLAPP motion must be admissible.[66]

**Second cause of action for violation of the Rosenthal Act (Civil Code § 1788 et seq.)**

The RFDCPA is California's version of the FDCPA.

The Rheaults do not have standing to pursue this action. Plaintiffs do not even allege that they are debtors under the RFDCPA, but allege only that Hale is such a "debtor."[67] Being a "debtor"

---

65 *DuPont Merck Pharmaceutical Co. v. Superior Court* (2000) 78 Cal.App.4th 562, 568.
66 *See, e.g., Tuchscher Development Enterprises, Inc. v. San Diego Unified Port Dist.* (2003) 106 Cal.App.4th 1219, 1238, "disregard[ing] a substantial portion of TDE's evidence" in opposition to an anti-SLAPP motion because the evidence was inadmissible for various reasons. The Court of Appeal admitted other evidence, which however was insufficient to show a probability of success on the merits, and the order granting the Port District's anti-SLAPP motion was affirmed.
67 Complaint ¶ 28.

Page 10

under Civil Code § 1788.2(h), owing or alleged to owe a "consumer debt under § 1788.2(f), is a prerequisite to being a plaintiff in an RFDCPA action.[68] Thus, any RFDCPA cause of action that did exist could be brought by Hale, but not by any of the Rheaults.

Because the Rheaults complain only of HHI's and Ritton's exercise of First Amendment right of petition and related communications, their causes of action are barred by the First Amendment, the Noerr-Pennington doctrine, and Civil Code § 47(b).[69]

The Rheaults complain that Hunt & Henriques attempted to levy a bank account with which Patti L. Hale was associated as a co-trustee of the account.[70] The Rheaults go on to complain that "despite knowing that their levy was legally unsupportable, and that it would cause hardship to an elderly and sickly couple, defendant Ritton and Hunt & Henriques filed an opposition to the claim of exemption"[71] and that "Ritton appeared telephonically at the hearing and made various bogus, unsupportable arguments. In particular, Ritton falsely implied to the court that Patricia Hale was fraudulently transferring her own personal funds into the Trust to avoid enforcement of the judgment."[72] The Rheaults do not specify any acts other than those re-alleged and incorporated in ¶¶ 17 and 26. Ostensibly, the Rheaults are asserting that levying a bank account and then opposing a claim of exemption is a tort because they believe that the opposition was "bogus."

The Rheaults' belief as to what HHI and/or Ritton knew or believed at the time legal arguments were made is speculative, false, and irrelevant. The Rheaults have submitted no admissible evidence to support these allegations. But regardless of how much evidence a complainant may have to support the allegations, there is no tort liability for litigation or litigation-related communications.

***The litigation privilege***

Civil Code § 47(b) provides an absolute litigation privilege:

---

68 *See* Civil Code § 1788.17.
69 Civil Code § 47(b) cannot bar a federal cause of action. However, the Second Cause of Action alleges violation of California Civil Code § 1788.17, which makes violations of 15 USC § 1692 *et seq.* automatic violations of state law. Civil Code § 47(b) bars the Second Cause of Action.
70 Complaint ¶ 2.
71 Complaint ¶ 5.
72 Complaint ¶ 7.

To effectuate its vital purposes, the litigation privilege is held to be absolute in nature. [Citations.] In *Albertson*,[73] Justice Traynor speaking for the court, reasoned that the policy of encouraging free access to the courts was so important as to require application of the privilege to torts other than defamation. [Citations.]

The litigation privilege applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) to have some connection or logical relation to the action."[74] It applies to all tort causes of action except malicious prosecution,[75] so it applies to statutory[76] and even constitutional[77] causes of action. When the privilege applies, it is absolute.[78] That is, its application does not depend on the publisher's "motives, morals, ethics or intent."[79] And it protects fraudulent, perjurious, unethical, and even illegal communications.[80] While other remedies may be available for these communications, they are absolutely immune from suit for any tort other than malicious prosecution.[81]

Yet The Rheaults seek to hold HHI and Ritton liable for levying a judgment debtor's bank account and then opposing a claim of exemption. The California Supreme Court summarized the litigation privilege, stating:

> For well over a century, communications with "some relation" to judicial proceedings have been absolutely immune from tort liability by the privilege codified as section 47(b). At least since then Justice Traynor's opinion in *Albertson v. Raboff* (1956) 46 Cal.2d 375, California courts have given the privilege an expansive reach. Indeed, as we recently noted, "the only exception to [the] application of section 47(2) to tort suits has been for malicious prosecution actions. [Citations]."[82]

---

73 *Albertson v. Raboff* (1956) 46 Cal.2d 375, 381. *Albertson* was later superseded by an amendment to Civil Code § 47(2) (now § 47(b)) that imposes certain requirements on a *lis pendens*, but that does not affect the litigatin privilege in any other way.

74 *Blanchard v. DirecTV, Inc.* (2004) 123 Cal.App.4th 903, 919, citing *Silberg, supra*, at p. 212.

75 *Silberg v. Anderson* (1990) 50 Cal.3d 205, 215.

76 *See, e.g., Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2006) 136 Cal.App.4th 464.

77 *See, e.g., Jacob B. v. County of Shasta* (2007) 40 Cal.4th 948.

78 *Silberg v. Anderson* (1990) 50 Cal.3d 205, 215.

79 *Silberg v. Anderson* (1990) 50 Cal.3d 205, 220.

80 *Kashian v. Harriman* (2002) 98.Cal.App.4th 892, 920.

81 A defendant cannot cross-complain of malicious prosecution, because favorable termination of the first action is a prerequisite to a malicious prosecution action. *See Staffpro, Inc. v. Elite Show Services, Inc.* (2006) 136 Cal.App.4th 1392, 1401.

82 *Rubin v. Green* (1993) 4 Cal.4th 1187, 1193-94 (footnotes and some citations omitted).

Under Civil Code § 47(b)—California's "litigation privilege"—**any communication made in any judicial proceeding is privileged.**[83]  So filing suit, serving process, obtaining judgment, recording an abstract of judgment, and executing on a judgment are immune from suit.

Any communication covered by the litigation privilege is absolutely immune from suit. Therefore, any privileged communication that meets the first prong of anti-SLAPP analysis automatically precludes a plaintiff from satisfying the second prong because the complainant cannot demonstrate a probability of success on the merits—the claim is barred by § 47(b).

The Rheaults may argue that *Komarova*[84] trumps the litigation privilege in this context, but she would be wrong. *Komarova* did state that the RFDCPA is more specific than § 47(b) and would be "wholly inoperable" if the privilege applied. But *Komarova* involved three sections inapplicable here, two not even purporting to regulate petitioning activity and one that falls within the "sham" exception. To the extent that *Komarova* could be read as stating that *the entire RFDCPA* would be inoperable, that language would be dictum[85] because the only sections at issue in *Komarova* were §§ 1788.11, 1788.12, and 1788.15—*not* The Rheaults' § 1788.17.

And courts recognize this. *Boon*[86] distinguished *Komarova* and held that the litigation privilege did bar a claim alleging that a debt collector violated the Rosenthal Act even by *intentionally* filing claims outside the statute of limitations, because this allegation complained only of petitioning activity.

Instead, when faced with a situation almost identical to this one, **California's Third District Court of Appeal affirmed an order dismissing an action that complained of a judgment creditor refusing to release a wrongful levy on categorically exempt funds.**[87] The fact that the Rheaults bring their cause of action under the Rosenthal Act instead of for abuse of process is irrelevant; as the California Supreme Court put it:

---

83 The only exception is a cause of action for malicious prosecution. *Silberg v. Anderson* (1990) 50 Cal.3d 205, 215.

84 *Komarova v. National Credit Acceptance* (2009) 175 Cal.App.4th 324.

85 "[A] decision is not authority for what is said in the opinion but only for the points actually involved and actually decided." *Trope v. Katz* (1995) 11 Cal. 4th 274, 284.

86 *Boon v. Professional Collection Consultants* (S.D. Cal. 2013) 978 F.Supp.2d 1157.

87 *See Brown v. Kennard* (2001) 94 Cal.App.4th 40.

Page 13

---

If the policies underlying section 47(b) are sufficiently strong to support an absolute privilege, the resulting immunity should not evaporate merely because the plaintiff discovers a conveniently different label for pleading what is in substance an identical grievance arising from identical conduct as that protected by section 47(b).[88]

**Noerr-Pennington Doctrine**

Under the First Amendment, there can be no statutory tort liability for petitioning the government—for example, filing suit, obtaining a judgment, obtaining a writ of execution, and levying on property.

The United States Supreme Court developed the Noerr-Pennington doctrine[89] to ensure that those who exercise their right to petition the government remain *immune* from liability for statutory violations, notwithstanding that a statute might purport to prohibit the petitioning activity.[90] Although "the Noerr-Pennington doctrine originally arose in the antitrust context, it is based on and implements the First Amendment right to petition and therefore, with one exception [internal citation[91]], applies equally in all contexts."[92] The United States Supreme Court later expressly held that Noerr-Pennington applies to other statutes as well.[93]

In other words, the Noerr-Pennington doctrine is little more than Supreme Court case law holding that the First Amendment means what it says: that Congress shall make *no* law abridging the right to petition the government for a redress of grievances. This restriction now applies to the states through incorporation of the Due Process clause of the Fourteenth Amendment.[94]

The RFDCPA was never intended to, and as a matter of constitutional law cannot, impose

---

88 *Rubin v. Green* (1993) 4 Cal.4th 1187, 1203.
89 The Noerr-Pennington doctrine (named for *Eastern R. Conf. v. Noerr Motors* (1961) 365 U.S. 127 and *Mine Workers v. Pennington* (1965) 381 U.S. 657) precludes statutory liability for activities protected by the First Amendment's petition clause, unless those activities are a sham. The doctrine requires courts to "construe federal statutes so as to avoid burdening conduct that implicates the protections afforded by the Petition Clause unless the statute clearly provides otherwise." (*Sosa v. DirecTV* (9th Cir. 2006) 437 F.3d 923, 931, fn. omitted; see generally *id.* at pp. 929–938.)
90 *See Professional Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.* (1993) 508 U.S. 49, 56.
91 I.e., the "sham" exception—a lawsuit is not protected by the doctrine if it is objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits.
92 *White v. Lee* (9th Cir. Cal. 2000) 227 F.3d 1214, 1231.
93 *BE&K Construction Co. v. NLRB* (2002) 536 U.S. 516, 525.
94 *Edwards v. South Carolina* (1963) 372 U.S. 229.

HHI Memorandum in Support of Special Motion to Strike Complaint (CCP § 425.16)

tort liability for petitioning the government. This is why in the entire Act, litigation is referred to only once—in § 1788.15[95], which arguably falls within the "sham" exception (*see* fn90 above). Section 1788.17, incorporating §§ 1692d, 1692e, and 1692f of the federal Act, regulates only *non*-petitioning activity. Once a lawsuit is filed, then due process, the Code of Civil Procedure, and judicial oversight prevent a collector from abusing a debtor.

So the Rheaults' state-law claim that HHI and Ritton should pay them damages for levying a judgment debtor's bank account and making arguments in court is barred by the First Amendment and by California's litigation privilege.

**The Rheaults should not be permitted to amend the complaint**

Federal Rule of Civil Procedure 15 favors liberality in granting leave to amend. But where amendment would be futile, it is proper to deny leave to amend.[96] Any amendment that the Rheaults might offer would be futile, because they sued no DOE defendants and cannot prevail against a defendant that has no employees and has never conducted any business.

And denying leave to amend would not be unjust. While denying leave to amend would prevent the Rheaults from altering their claims against HHI, it would not bar them from bringing any *valid* claims against H&H. But because HHI has *never conducted any business whatsoever*, the Rheaults simply have no valid claims at all against Hunt & Henriques, Inc.

**The motion is timely**

Under state law, an anti-SLAPP motion must be filed within 60 days of the service of the complaint.[97] But in federal court, state procedural rules bow to the Federal Rules of Civil Procedure, and an anti-SLAPP motion may be brought any time up to 30 days after the close of discovery.[98] Local rules require a minimum 35 days' notice for a motion, and motions are heard only on Thursday. This motion was filed (and served) on January 19, 2018, and set for hearing on March 1, 2018, 41 days after service of the motion.

---

95 Section 1788.15 prohibits collection efforts through continued litigation—not execution, but litigation only—when a plaintiff knows (not "should have known), but *knows*) that service of process was not effected.
96 *Albrecht v. Lund* (9th Cir. 1988) 845 F.2d 193, 195, modified, 856 F.2d 111.
97 Code of Civil Procedure § 425.16(f).

---

HHI Memorandum in Support of Special Motion to Strike Complaint (CCP § 425.16)

Likewise, California's requirement that the clerk of the court schedule the hearing within 30 days of service of an anti-SLAPP motion does not apply in federal court.[99] Nevertheless, to promote the anti-SLAPP statute's purpose of expeditiously resolving actions complaining of the exercise of constitutional rights, HHI has set the hearing on this motion for the first available day that complies with this court's minimum 35-day notice requirement.

**Summary and conclusion**

The Rheaults sued HHI and Jaime Ritton for levying a bank account pursuant to a valid judgment and then opposing a claim of exemption—that is, for nothing other than exercising constitutional rights. The state law claims are absolutely barred by Civil Code § 47(b), not to mention the First Amendment. But not only that; HHI irrefutably did *none* of the acts that the Rheaults complain of. The Rheaults cannot show a probability of success on the merits.

HHI respectfully requests that the second cause of action of the complaint arising under RFDCPA be specially stricken under Code of Civil Procedure § 425.16, and that leave to amend be denied as futile.

Respectfully submitted,

/s/

Dated: JAN 1 9 2018

_____

DONALD SHERRILL/ KURTISS A JACOBS
Attorneys for Hunt & Henriques, Inc.

---

98 *Sarver v. Chartier* (9th Cir. 2016) 813 F.3d 891.
99 *See Sarver, supra.*

HHI Memorandum in Support of Special Motion to Strike Complaint (CCP § 425.16)