1 | HUNT & HENRIQUES
ATTORNEYS AT LAW
2 | Kurtiss A. Jacobs, LL.M. # 218950
Donald Sherrill, Esq. # 266038
3 | 151 Bernal Road #8
San Jose CA 95119-1306
4 | Telephone: (408) 362-2270
Facsimile: (408) 360-8482
5
Attorneys for Defendants
6 | File No. 308142

7

8 | **UNITED STATES DISTRICT COURT**

9 | **NORTHERN DISTRICT OF CALIFORNIA**

10

11 | Rheault Family Revocable Living Trust, | Case No.  5:17-cv-7073
Jerome Rheault, and Jaylene Rheault,
12 | | Jaime Y. Ritton's Answer to first amended
Plaintiffs, | complaint for damages
13
vs.
14
Hunt & Henriques, a law partnership, and
15 | Jaime Y. Ritton,
16 | Defendants.
17

18

19 | Jaime Y. Ritton ("Ritton") answers plaintiffs' first amended complaint for damages as follows:

20 | **OBJECTION**

21 | Ritton objects to Hunt & Henriques (H&H) being added to an existing complaint that

22 | included no DOE defendants under the guise of "amendment." This is *not* an amendment, but an

23 | improper addition of a party.

24 | **DENIALS**

25 | **Alleged operative facts**

26 | 1.  Ritton admits that H&H filed suit on behalf of H&H's client, FIA Card Services, N.A., in

27 | the matter of *FIA Card Services, N.A. v. Patti L. Hale*, in Riverside County California,

28 | Case No.: RIC534956 and that Ritton is an associate attorney of H&H.

Page 1

2. Ritton has no way of knowing whether Hale incurred the credit card debt primarily for personal, family, or household purposes, and on that basis denies.

3. Ritton admits that H&H obtained a judgment against Hale and in favor of H&H's client, FIA Card Services, N.A. Ritton further admits that on August 3, 2017, H&H sent a letter and a copy of the filed writ of execution to the Los Angeles County Sheriff requesting that the Sheriff levy any account(s) associated with judgment debtor Hale's Social Security number at U.S. Bank. Ritton objects to the amount as irrelevant. Without waiving this objection, Ritton does not know the amount of money that was held by the Sheriff because Hale filed a claim of exemption that was granted and all funds were released back to Hale, and on that basis denies the amount.

4. Ritton objects to the allegation that the account was "in the name of" various persons as irrelevant. Without waiving this objection, Ritton has no knowledge as to whether the account was in the name of The Rheault Family Revocable Living Trust, and on that basis denies. Ritton denies that the Sheriff levied on any account that was not associated with judgment debtor Hale's Social Security number, and affirmatively alleges that if the Sheriff did so, that it did so in disregard of H&H's express instructions. Ritton has no knowledge as to how U.S. Bank associates or categorizes names with accounts at that Bank. Ritton also has no knowledge as to whether Patricia Hale, Jerome Rheault, and Jaylene Rheault were named on the account only as co-trustees or if they were listed in any other capacity individually or otherwise, and on that basis denies.

5. Ritton has no knowledge as to whether the account was in the name of Patricia Hale solely as a co-trustee, but denies that H&H instructed the Sheriff to levy on any account that was not associated with judgment debtor Hale's Social Security number.

6. Ritton admits that Plaintiffs allege that Hale is not a current beneficiary of the Trust and that she is not currently entitled to any principal or income from the Trust. Ritton also admits that Plaintiffs allege that Jerome and Jaylene Rheault are the settlors and current beneficiaries of the living Trust and that they are Patricia Hale's parents. Ritton has no way of knowing whether these allegations are true, and on that basis denies.

7. Ritton admits that Plaintiffs allege upon the death of Jerome and Jaylene Rheault, a pourover trust shall be created, of which Hale and her siblings are contingent beneficiaries. Ritton has no way of knowing whether these allegations are true, and on that basis denies.

8. Ritton has no knowledge as to the allegations of paragraph 8, and on that basis denies that no contingency outlined in the trust has occurred that would give Patricia Hale legal rights to Trust assets.

9. On information and belief, Ritton has no knowledge as to whether the levied funds in the US Bank account ending in 0209 were entirely exempt because Ritton has never been provided with any tracing of those funds and on that basis, Ritton denies.

10. Ritton admits that judgment debtor Hale filed a claim of exemption.

11. Ritton admits that judgment debtor Hale claimed in her declaration that the US Bank account ending in 0209 was a Trust asset in the Trust's name.

12. Ritton denies that judgment debtor Hale produced a copy of the Trust instrument when she filed her claim of exemption and, therefore, Ritton had no knowledge as to whether the exact language was quoted at that time. Ritton admits that once Hale finally produced a copy of the Trust instrument, it appeared that Hale's supporting declaration quoted the language of the Trust instrument.

13. H&H admits that judgment debtor Hale submitted a declaration with her claim of exemption in which she alleged that hardships would occur if the levy was confirmed. Ritton notes that this paragraph of the complaint does not allege that Hale's supporting declaration was true as to the matters stated in this paragraph of the complaint. Ritton has no way of knowing whether the supporting declaration was true as to the matters stated in this paragraph of the complaint, and on that basis denies.

14. On information and belief, Ritton admits that H&H and Ritton filed an opposition to the claim of exemption stating that the judgment creditor can only assume that the levied bank account contains non-exempt funds. Ritton denies that she has no evidence in her possession to support this statement.

15. Ritton denies this allegation in its entirety.

16. Ritton admits that in her declaration, judgment debtor Hale claimed that the Trust instrument included a spendthrift clause. Ritton denies that judgment debtor Hale produced a copy of the Trust instrument at the time she filed her claim of exemption. Furthermore, judgment debtor Hale never produced documents to Ritton or H&H tracing the source of all funds in the US Bank account ending in 0209.

17. Ritton denies that any statement in the opposition to judgment debtor Hale's claim of exemption was false or misleading. Judgment debtor Hale did not produce a copy of the trust instrument at the time the claim of exemption was filed and she never produced documents tracing the source of all funds in the US Bank account ending in 0209. Ritton further denies that making a false statement in court can give rise to statutory tort liability.

18. Ritton admits that judgment debtor Hale finally produced a copy of the Trust instrument after H&H and Ritton filed an opposition to the claim of exemption. Ritton admits that an attachment to the Trust instrument lists a U.S. Bank checking account ending in 0209 as a Trust asset but denies that the Trust instrument proves that all funds in that account are solely exempt funds.

19. Ritton admits she did not withdraw the opposition to judgment debtor Hale's claim of exemption after she produced a copy of the Trust instrument. Ritton denies the opposition was meritless. Ritton admits that she appeared at the claim of exemption hearing telephonically but denies that she made any bogus or unsupportable arguments.

20. Ritton denies Plaintiffs' characterization of her arguments at the claim of exemption hearing and the implications made therein. Ritton denies that she does not possess evidence to support her arguments.

21. Ritton denies Plaintiffs' characterization of her arguments at the claim of exemption hearing.

22. Ritton objects to the allegation that H&H's and Ritton's "arguments were given short shrift" as irrelevant. On information and belief, admit that the Riverside Superior Court rubber-stamped the claim of exemption filed by judgment debtor Hale.

Rheault Family Trust et al. v. Hunt & Henriques and Jaime Y. Ritton (5:17-cv-7073)
Jaime Y. Ritton's Answer to first amended complaint

**Jurisdiction and venue**

23. Although the Fair Debt Collection Practices Act (FDCPA, 15 United States Code § 1692 et seq.) and California's Rosenthal Fair Debt Collection Practices Act (RFDCPA, Civil Code § 1788 et seq.) are constitutional as written, Ritton notes that the *only* facts that plaintiffs complain of are petitions to the government, which under the First Amendment cannot give rise to a statutory tort. As such, Ritton denies that this court has subject matter jurisdiction to hear plaintiffs' claims as pleaded.

24. Ritton admits that H&H is headquartered in San Jose, California.

**Parties**

25. On information and belief, admit.

26. On information and belief, admit.

27. Ritton has no information as to the truth or falsity of this allegation, and on that basis denies.

28. Admit.

29. Admit that Ritton is an associate attorney of H&H and that H&H is a law firm headquartered in San Jose, California.

30. Admit that Ritton is an associate attorney of H&H and that Ritton was acting within the scope of her employ when she opposed judgment debtor Hale's claim of exemption. Ritton denies that it is jointly and severally liable to plaintiffs for anything.

**First cause of action**

31. Ritton incorporates all previous paragraphs into all following paragraphs.

32. Ritton objects to plaintiffs' use of the word "allegedly." As a matter of law, Patricia Hale owes a judgment debt to FIA Card Services, N.A.; this fact is collaterally estopped from relitigation. Ritton has no information as to whether Hale, who is not a party to this action, is a "consumer" who owed a "debt" as those terms are defined in 15 USC § 1692a, and on that basis denies.

33. Ritton admits that H&H is a debt collector and that H&H uses instrumentalities of interstate commerce. Ritton objects to this fact as irrelevant unless the debt at issue is a

"debt" as defined in 15 USC § 1692a.

34. Ritton admits that she is an associate attorney of H&H.

35. Deny.

36. Deny.

37. Deny.

38. Deny.

39. Deny.

40. Deny.

41. Deny.

## Second cause of action

42. Ritton notes that the second cause of action is alleged against H&H only.

43. Ritton notes that the second cause of action is alleged against H&H only.

44. Ritton notes that the second cause of action is alleged against H&H only.

45. Ritton notes that the second cause of action is alleged against H&H only.

46. Ritton notes that the second cause of action is alleged against H&H only.

47. Ritton notes that the second cause of action is alleged against H&H only.

48. Ritton notes that the second cause of action is alleged against H&H only.

49. Ritton notes that the second cause of action is alleged against H&H only.

50. Ritton notes that the second cause of action is alleged against H&H only.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs suffered no damages as a result of the facts alleged, and therefore have no standing to bring this action.

3. Even if Patricia Hale were a "consumer" and the obligation at issue in the underlying action were a "debt" and a "consumer debt" as defined in the applicable statutes, Hale is not a plaintiff and the actual plaintiffs do not have standing to assert Hale's alleged rights.

4. The First Amendment to the United States Constitution, as recognized by the Noerr-Pennington doctrine, and (as to the state law cause of action) California's absolute

Page 6

Rheault Family Trust et al. v. Hunt & Henriques and Jaime Y. Ritton (5:17-cv-7073)
Jaime Y. Ritton's Answer to first amended complaint

litigation privilege codified at Civil Code § 47(b), *immunize* every person in America—natural and fictitious persons alike—from statutory tort liability for petitioning activity such as constitutes the only facts alleged in the complaint.

5. Ritton denies any wrongdoing by her or H&H, but nevertheless asserts that if any violation occurred, the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## PRAYER FOR RELIEF

**WHEREFORE,** Jaime Y. Ritton respectfully prays as follows:

a. That plaintiffs take nothing on their complaint;

b. That the Court declare that Ritton did not violate the FDCPA;

c. That the Court award Ritton costs under Fed. R. Civ. P. 54(d)(1) as provided in *Marx v. Gen. Revenue Corp.* (2013) 133 S. Ct. 1166, 1171;

d. That the Court find that plaintiffs' action under § 1692 et seq. was brought in bad faith and for the purpose of harassment and award Ritton her attorney fees for defeating the FDCPA claim under 15 USC § 1692k(a)(3);

e. That the Court declare that H&H did not violate the RFDCPA;

f. That the Court find that plaintiffs' prosecution of the action under § 1788 et seq. was not in good faith and award H&H its reasonable attorney fees for defeating the RFDCPA claim under California Civil Code § 1788.30(c);

g. That the Court, on its own initiative as authorized by Federal Rule of Civil Procedure 11(c)(1)(B), order plaintiffs and plaintiffs' counsel to show cause why they should not be sanctioned for violating FRCP 11(b); and after plaintiffs and their counsel are unable to show good cause, to sanction plaintiffs and their counsel an amount sufficient to deter repetition of such conduct or comparable conduct by others similarly situated, such as an order to pay a penalty into court;

h. That the Court, on its own motion as permitted by 28 USC § 1928, find that plaintiffs' counsel multiplied the proceedings unreasonably and vexatiously, and

Page 7

require them to satisfy personally the excess costs, expenses, and attorney fees

reasonably incurred because of such conduct; and

i.   For other relief as the court may deem just and proper.

Respectfully submitted,

/s/

Dated: February 1, 2018

_____

Kurtiss A Jacobs, LL.M.
Donald Sherrill, Esq.
Attorneys for Jaime Y. Ritton

Rheault Family Trust et al. v. Hunt & Henriques and Jaime Y. Ritton (5:17-cv-7073)
Jaime Y. Ritton's Answer to first amended complaint